**FILED**
CLERK, U.S. DISTRICT COURT

10/12/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAV _____ DEPUTY

1  E. MARTIN ESTRADA
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   MACK E. JENKINS (Cal. Bar No. 242101)
4  Assistant United States Attorney
   Chief, Public Corruption & Civil Rights Section
5  SUSAN S. HAR (Cal. Bar No. 301924)
   J. JAMARI BUXTON (Cal. Bar No. 342364)
6  Assistant United States Attorneys
   Public Corruption & Civil Rights Section
7  PATRICK CASTAÑEDA (Cal. Bar No. 319431)
   Assistant United States Attorney
8  International Narcotics, Money Laundering,
   & Racketeering Section
9       1500 United States Courthouse
        312 North Spring Street
10      Los Angeles, California 90012
        Telephone: (213) 894-3289
11      Facsimile: (213) 894-6436
        E-mail:   Mack.Jenkins@usdoj.gov
12                Susan.Har@usdoj.gov
                  Jamari.Buxton@usdoj.gov
13                Patrick.Castaneda@usdoj.gov

14

15 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

16                UNITED STATES DISTRICT COURT

17              FOR THE CENTRAL DISTRICT OF CALIFORNIA

18 UNITED STATES OF AMERICA,          No. CR   2:22-cr-00471-SPG

19        Plaintiff,                  COOPERATION PLEA AGREEMENT FOR
                                      DEFENDANT SALVADOR HUIZAR
20              v.

21 SALVADOR HUIZAR,

22        Defendant.

23

24      1.   This constitutes the plea agreement between SALVADOR HUIZAR

25 ("defendant") and the United States Attorney's Office for the Central

26 District of California ("the USAO") in the above-captioned case.

27 This agreement is limited to the USAO and cannot bind any other

28

federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit 1 or a substantially similar form, which charges defendant with False Statements to a Federal Agency, in violation of Title 18, United States Code, Section 1001(a)(2).

b.   Not contest the Factual Basis agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

3.    Defendant further agrees to cooperate fully with the USAO, the Federal Bureau of Investigation ("FBI"), and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.    Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.    Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

<u>THE USAO'S OBLIGATIONS</u>

5.    The USAO agrees to:

a.    Not contest the Factual Basis agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

1          c.   At the time of sentencing, provided that defendant

2     demonstrates an acceptance of responsibility for the offenses up to

3     and including the time of sentencing, recommend a two-level reduction

4     in the applicable Sentencing Guidelines offense level, pursuant to

5     U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6     additional one-level reduction if available under that section.

7          6.   The USAO further agrees:

8          a.   Not to offer as evidence in its case-in-chief in the

9     above-captioned case or any other criminal prosecution that may be

10    brought against defendant by the USAO, or in connection with any

11    sentencing proceeding in any criminal case that may be brought

12    against defendant by the USAO, any Cooperation Information.

13    Defendant agrees, however, that the USAO may use both Cooperation

14    Information and Plea Information: (1) to obtain and pursue leads to

15    other evidence, which evidence may be used for any purpose, including

16    any criminal prosecution of defendant; (2) to cross-examine defendant

17    should defendant testify, or to rebut any evidence offered, or

18    argument or representation made, by defendant, defendant's counsel,

19    or a witness called by defendant in any trial, sentencing hearing, or

20    other court proceeding; and (3) in any criminal prosecution of

21    defendant for false statement, obstruction of justice, or perjury.

22         b.   Not to use Cooperation Information against defendant

23    at sentencing for the purpose of determining the applicable guideline

24    range, including the appropriateness of an upward departure, or the

25    sentence to be imposed, and to recommend to the Court that

26    Cooperation Information not be used in determining the applicable

27    guideline range or the sentence to be imposed.  Defendant

28    understands, however, that Cooperation Information will be disclosed

4

1  to the United States Probation and Pretrial Services Office and the

2  Court, and that the Court may use Cooperation Information for the

3  purposes set forth in U.S.S.G § 1B1.8(b) and for determining the

4  sentence to be imposed.

5        c.   In connection with defendant's sentencing, to bring to

6  the Court's attention the nature and extent of defendant's

7  cooperation.

8        d.   If the USAO determines, in its exclusive judgment,

9  that defendant has both complied with defendant's obligations under

10  paragraphs 2 and 3 above and provided substantial assistance to law

11  enforcement in the prosecution or investigation of another

12  ("substantial assistance"), to move the Court pursuant to U.S.S.G.

13  § 5K1.1 to fix an offense level and corresponding guideline range

14  below that otherwise dictated by the sentencing guidelines, and to

15  recommend a term of imprisonment within this reduced range.

16        <u>DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION</u>

17    7.   Defendant understands the following:

18        a.   Any knowingly false or misleading statement by

19  defendant will subject defendant to prosecution for false statement,

20  obstruction of justice, and perjury and will constitute a breach by

21  defendant of this agreement.

22        b.   Nothing in this agreement requires the USAO or any

23  other prosecuting, enforcement, administrative, or regulatory

24  authority to accept any cooperation or assistance that defendant may

25  offer, or to use it in any particular way.

26        c.   Defendant cannot withdraw defendant's guilty plea if

27  the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a

28  reduced guideline range or if the USAO makes such a motion and the

1   Court does not grant it or if the Court grants such a USAO motion but
2   elects to sentence above the reduced range.

3            d.   At this time the USAO makes no agreement or
4   representation as to whether any cooperation that defendant has
5   provided or intends to provide constitutes or will constitute
6   substantial assistance.  The decision whether defendant has provided
7   substantial assistance will rest solely within the exclusive judgment
8   of the USAO.

9            e.   The USAO's determination whether defendant has
10  provided substantial assistance will not depend in any way on whether
11  the government prevails at any trial or court hearing in which
12  defendant testifies or in which the government otherwise presents
13  information resulting from defendant's cooperation.  That is, whether
14  any other person, after trial, is found guilty or not guilty of any
15  offense will have no effect on the government's sentencing
16  recommendation for defendant.

17                          NATURE OF THE OFFENSE

18     8.   Defendant understands that for defendant to be guilty of
19  the sole count of the Information, that is, false statements to a
20  federal agency, in violation of Title 18, United States Code, Section
21  1001(a)(2), the following must be true: (1) defendant made a false
22  statement; (2) the statement was made in a matter within the
23  jurisdiction of the USAO and FBI; (3) defendant acted willfully; that
24  is, the defendant acted deliberately and with knowledge both that the
25  statement was untrue and that his conduct was unlawful; and (4) the
26  statement was material to the activities or decisions of USAO or FBI;
27  that is, it had a natural tendency to influence, or was capable of
28  influencing, the agency's decisions or activities.

PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1001(a)(2), is: 5 years of imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

***The Federal Investigation***

At all relevant times, the FBI and the USAO were conducting a federal criminal investigation into public corruption throughout the City of Los Angeles (the "City") related to multiple suspected "pay-to-play" bribery schemes (the "Federal Investigation"), a matter within the jurisdiction of the executive branch of the government of

the United States, namely, the FBI and the USAO.  The Federal
Investigation was investigating multiple City officials, including
defendant's brother, Jose Huizar, then-Councilmember for Council
District 14 in Los Angeles, for soliciting and accepting bribes as
part of the "pay-to-play" scheme, including in the form of large
amounts of cash, and for money laundering related to the cash bribes,
among other things.

Between at least November 26, 2013, and August 22, 2018, upon
Jose Huizar's request, defendant accepted envelopes of cash from Jose
Huizar on at least 20 occasions.  In exchange, defendant
contemporaneously wrote checks, or facilitated electronic payments
from defendant's own bank account, to either Jose Huizar directly or
to pay Jose Huizar's expenses in the same amounts as the cash
provided by Jose Huizar.  On multiple occasions, defendant asked Jose
Huizar where the cash came from, and Jose Huizar told defendant it
was better that defendant did not know the source of the cash.

***False Statements in November 17, 2018 FBI Interview***

On or about November 17, 2018, defendant was interviewed by the
FBI regarding the Federal Investigation.  During the recorded
interview, after being advised it was a crime to lie to the federal
government, defendant knowingly and willfully made the following
materially false statements to the FBI:

Defendant falsely stated that Jose Huizar never asked defendant
to write any checks on Jose Huizar's behalf except for a check to
assist Jose Huizar in obtaining a lawyer and another blank check to
an unidentified payee.  Defendant also falsely stated that Jose
Huizar never paid defendant back for those two checks and never gave
defendant any money.  In fact, as defendant then knew, on at least 20

occasions, Jose Huizar gave defendant an envelope of cash and asked defendant to write checks or facilitate electronic payments to Jose Huizar or for his expenses.

### False Statements in January 30, 2020 FBI and USAO Interview

On or about January 30, 2020, defendant, with counsel present, was interviewed by the FBI and the USAO regarding the Federal Investigation.  During the recorded interview, after being advised it was a crime to lie to the federal government, defendant knowingly and willfully made the following materially false statements to the FBI and the USAO:

Defendant falsely stated that Jose Huizar gave cash to defendant only because Jose Huizar owed defendant that sum of money and that Jose Huizar only gave defendant cash on a later unspecified date after defendant first gave Jose Huizar a check.  In fact, as defendant then knew, Jose Huizar already had the cash for defendant and would give it to defendant at the same time defendant provided the check.

### False Statements in March 5, 2020 Grand Jury Testimony

On or about March 5, 2020, defendant, with counsel available, appeared before a federal grand jury to give testimony under oath regarding the Federal Investigation.  During his sworn testimony, after being advised that the failure to testify truthfully would subject him to the penalties of perjury and false declaration before a grand jury, defendant knowingly and willfully made the following materially false statements to the grand jury:

Defendant falsely stated that Jose Huizar gave cash to defendant only because Jose Huizar owed defendant that sum of money and that Jose Huizar only gave defendant cash on a later unspecified date

1  after defendant first gave Jose Huizar a check.  In fact, as
2  defendant then knew, Jose Huizar already had the cash for defendant
3  and would give it to defendant at the same time defendant provided
4  the check.

5  ***False Statements in September 27, 2022 FBI and USAO Interview***

6      On or about September 27, 2022, defendant, with counsel present,
7  was interviewed by the FBI and the USAO regarding the Federal
8  Investigation.  During the interview, after being advised it was a
9  crime to lie to the federal government, defendant knowingly and
10  willfully made the following materially false statements to the FBI
11  and the USAO:

12      Defendant falsely stated that Jose Huizar gave cash to defendant
13  only because Jose Huizar owed defendant that sum of money and that
14  Jose Huizar only gave defendant cash on a later unspecified date
15  after defendant first gave Jose Huizar a check.  In fact, as
16  defendant then knew, Jose Huizar already had the cash for defendant
17  and would give it to defendant at the same time defendant provided
18  the check.

19      During this interview, upon further questioning by the USAO
20  about the accuracy of his statements regarding the timing of the cash
21  transactions with Jose Huizar, defendant later admitted that, in
22  fact, Jose Huizar regularly had the cash in his possession and gave
23  it to defendant at the same time defendant provided the checks and
24  that Jose Huizar did not owe defendant any sum of money at the time
25  of these cash-for-check transactions.

26                          SENTENCING FACTORS

27      14.  Defendant understands that in determining defendant's
28  sentence the Court is required to calculate the applicable Sentencing

                                    11

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 6 | U.S.S.G. § 2B1.1 |
| Obstruction of Justice | +2 | U.S.S.G. § 3C1.1 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

c.    The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

13

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than 6 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

21.  The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any

14

investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.  All of defendant's obligations are material, a single breach of this agreement is

sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

      a.   If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

      b.   The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (iii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

      c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

      d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim

16

1   under the United States Constitution, any statute, Rule 410 of the

2   Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

3   Criminal Procedure, or any other federal rule, that any Cooperation

4   Information, any Plea Information, or any evidence derived from any

5   Cooperation Information or any Plea Information should be suppressed

6   or is inadmissible.

7            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8                            OFFICE NOT PARTIES

9        26.  Defendant understands that the Court and the United States

10  Probation and Pretrial Services Office are not parties to this

11  agreement and need not accept any of the USAO's sentencing

12  recommendations or the parties' agreements to facts or sentencing

13  factors.

14       27.  Defendant understands that both defendant and the USAO are

15  free to: (a) supplement the facts by supplying relevant information

16  to the United States Probation and Pretrial Services Office and the

17  Court, (b) correct any and all factual misstatements relating to the

18  Court's Sentencing Guidelines calculations and determination of

19  sentence, and (c) argue on appeal and collateral review that the

20  Court's Sentencing Guidelines calculations and the sentence it

21  chooses to impose are not error, although each party agrees to

22  maintain its view that the calculations in paragraph 15 are

23  consistent with the facts of this case.  This paragraph permits both

24  the USAO and defendant to submit full and complete factual

25  information to the United States Probation and Pretrial Services

26  Office and the Court, even if that factual information may be viewed

27  as inconsistent with the Factual Basis agreed to in this agreement.

28

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

18

1         PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      30.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 E. MARTIN ESTRADA
  United States Attorney

9

10  _____       10/10/2022

11 MACK E. JENKINS                Date
  SUSAN S. HAR
  J. JAMARI BUXTON
12 PATRICK CASTAÑEDA
  Assistant United States Attorneys

13

14  _____      10-10-22

15 SALVADOR HUIZAR             Date
  Defendant

16

17

18  _____      Oct 10, 2022

19 ED ROBINSON                 Date
  Attorney for Defendant
20 SALVADOR HUIZAR

21

22

23

24

25

26

27

28

                      19

1                          CERTIFICATION OF DEFENDANT

2          I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charge and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19   _____          __10-10-22_____

20   SALVADOR HUIZAR                          Date
     Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SALVADOR HUIZAR'S attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          October 10, 2022
                                           _____
ED ROBINSON                                Date
Attorney for Defendant
SALVADOR HUIZAR

EXHIBIT 1

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No.

11            Plaintiff,                I N F O R M A T I O N

12            v.                        [18 U.S.C. § 1001(a)(2): Making
                                        False Statements]
13   SALVADOR HUIZAR,

14            Defendant.

15

16        The United States Attorney charges:

17                        [18 U.S.C. § 1001(a)(2)]

18        At times relevant to this Information:

19   A.   THE FEDERAL INVESTIGATION

20        1.   The Federal Bureau of Investigation ("FBI") and the United

21   States Attorney's Office ("USAO") were conducting a federal criminal

22   investigation into public corruption throughout the City of Los

23   Angeles (the "City") related to multiple suspected "pay-to-play"

24   bribery schemes (the "Federal Investigation"), a matter within the

25   jurisdiction of the executive branch of the government of the United

26   States, namely, the FBI and the USAO.  The Federal Investigation was

27   investigating multiple City officials, including defendant SALVADOR

28   HUIZAR's brother, Jose Huizar, then-Councilmember for Council

EXHIBIT 1

1   District 14 in Los Angeles, for soliciting and accepting bribes as
2   part of the "pay-to-play" scheme, including in the form of large
3   amounts of cash, and for money laundering related to the cash bribes,
4   among other things.

5      2.   Between at least November 26, 2013, and August 22, 2018,
6   upon Jose Huizar's request, defendant SALVADOR HUIZAR accepted
7   envelopes of cash from Jose Huizar on at least 20 occasions.  In
8   exchange, defendant SALVADOR HUIZAR contemporaneously wrote checks,
9   or facilitated electronic payments from defendant SALVADOR HUIZAR's
10  own bank account, to either Jose Huizar directly or to pay Jose
11  Huizar's expenses in the same amounts as the cash provided by Jose
12  Huizar.  On multiple occasions, defendant SALVADOR HUIZAR asked Jose
13  Huizar where the cash came from, and Jose Huizar told defendant
14  SALVADOR HUIZAR it was better that defendant SALVADOR HUIZAR did not
15  know the source of the cash.

16  B.   FALSE STATEMENTS IN JANUARY 30, 2020 FBI AND USAO INTERVIEW

17     3.   On or about January 30, 2020, in Los Angeles County, within
18  the Central District of California, in a matter within the
19  jurisdiction of the executive branch of the government of the United
20  States, namely, the FBI and USAO, defendant SALVADOR HUIZAR knowingly
21  and willfully made materially false statements and representations to
22  the FBI and USAO knowing that these statements and representations
23  were untrue.  Specifically, on multiple occasions, defendant SALVADOR
24  HUIZAR stated that Jose Huizar gave cash to defendant SALVADOR HUIZAR
25  only because Jose Huizar owed defendant SALVADOR HUIZAR that sum of
26  money and that Jose Huizar only gave defendant SALVADOR HUIZAR cash
27  on a later unspecified date after defendant SALVADOR HUIZAR first
28  gave Jose Huizar a check.  In fact, as defendant SALVADOR HUIZAR then

2

EXHIBIT 1

1 | knew, Jose Huizar already had the cash for defendant SALVADOR HUIZAR

2 | and would give it to defendant SALVADOR HUIZAR at the same time

3 | defendant SALVADOR HUIZAR provided the check.

E. MARTIN ESTRADA
United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
    Civil Rights Section

SUSAN S. HAR
J. JAMARI BUXTON
Assistant United States Attorneys
Public Corruption and Civil
    Rights Section

PATRICK CASTAÑEDA
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering
Section